**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADAM POTOCZEK | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| VENERABLE INVESTMENT | : | |
| ADVISERS, LLC | : | |
| | : | |
| and | : | |
| | : | |
| VIAC SERVICES COMPANY | : | Civil Action No. 2:26-cv-4654 |
| | : | |
| and | : | |
| | : | Jury Trial Demanded |
| MOTION RECRUITMENT | : | |
| PARTNERS, LLC | : | |
| Defendants | : | |

**<u>COMPLAINT</u>**

Plaintiff, Adam Potoczek, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action pursuant to The Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.,* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et. seq.*, and seek relief for discrimination, disparate treatment, and retaliation related to Plaintiff's race, color, national origin (Polish), and religion, in regard to the termination and/or failure to hire of Defendant, Venerable Investment Advisers, LLC, Defendant, VIAC Services Company, and Defendant, Motion Recruitment Partners, LLC.

Plaintiff alleges and avers:

**Parties**

1.        Plaintiff, Adam Potoczek, ("Plaintiff") is an adult Caucasian male immigrant from Poland and is Catholic, and at all times relevant, was employed, jointly employed, co-employed, and/or working in a contract-to-hire role for Venerable Investment Advisers, LLC, VIAC Services Company, and/or Motion Recruitment Partners, LLC.  Plaintiff resides at 921 South 25th Street, Philadelphia, PA 19146.

2.        Defendant, Venerable Investment Advisers, LLC, ("Venerable") is a Limited Liability Company duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at 1475 Dunwoody Drive, West Chester, PA 19380 and either employed, jointly employed, co-employed, and/or had receipt of application for Plaintiff's full-time employment.

3.        Defendant, VIAC Services Company, ("VIAC") is a foreign business corporation duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at 1475 Dunwoody Drive, West Chester, PA 19380 and either employed, jointly employed, co-employed, and/or had receipt of application for Plaintiff's full-time employment.

4.        Defendant, Motion Recruitment Partners, LLC, ("Motion") is a Limited Liability Company duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at 501 Boylston Street, Suite 3103, Boston, MA 02116 and employed, jointly employed, and/or co-employed Plaintiff during all times relevant to this litigation.

5.        Defendants, Venerable, VIAC, and Motion, (hereinafter referred to jointly and/or individually as "Defendants") accepted, agreed, adopted, acquiesced, and/or otherwise are bound by the actions, omissions, and conduct of its owners, officers, managers, supervisors, employees, and agents including Sanath Vemuri and Prashant Naik.

**Jurisdiction, Venue, and Exhaustion of Administrative Remedies**

6.      This Court has subject matter jurisdiction over the matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania State law causes of action.

7.      Venue is appropriate before this Court as all parties reside and/or all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

8.      Plaintiff exhausted administrative remedies for bringing claims of employment discrimination, by having filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and Plaintiff having received a Notice of Right to Sue and more than a year having transpired since the Plaintiff's initial dual filing of his Charge of Discrimination.

**Summary of Facts**

9.      Plaintiff, Adam Potoczek, ("Plaintiff") worked for Defendants as a Senior Python Engineer, from March 4, 2024 to March 31, 2025, before having been wrongly terminated and/or wrongly denied hire to permanent employment, despite Plaintiff being the most qualified candidate, all in furtherance of race, color, national origin, and/or religion discrimination.

10.     Plaintiff began work for Defendants under a "Placement Services Agreement" that Plaintiff entered with Defendant Motion, on what Plaintiff understood to be a six-month (March 4, 2024 to September 4, 2024) contract-to-hire position for Defendant Venerable or Defendant VIAC.  See Exhibit "A".

3

11.    Defendants had entered a "Venerable Placement Services Agreement" for which Defendant Motion was tasked with providing Defendant Venerable and/or Defendant VIAC with temporary staffing services and with permanent placement services for open positions.

12.    During the time that Plaintiff worked for Defendants; Plaintiff submitted weekly timesheets to Defendant Motion, Plaintiff was paid by Defendant Motion, Plaintiff utilized Defendant Motion's time tracking software, Plaintiff's benefits were provided through Defendant Motion, and Plaintiff had a Defendant Motion supervisor.

13.    All other work responsibilities, equipment, and activities during Plaintiff's employment (e.g. supervisor, day-to-day tasks, assignments, rules, and policies) were provided by and through Defendant Venerable  and/or Defendant VIAC.

14.    As such, Defendants each and all exerted sufficient control over Plaintiff to be deemed his employer(s), joint employer(s), and/or co-employer(s).

15.    Plaintiff alleges that Defendants corroborated and civilly conspired to deprive him of his civil rights to equal employment regardless of race, color, national origin, and/or religion.

16.    Defendant Venerable's Matthew Burton (Caucasian) hired Plaintiff.

17.    Matthew Burton served as Plaintiff's first supervisor and Mr. Burton had said to Plaintiff that it was wrong that Defendant Venerable/VIAC did not hire Plaintiff to a permanent position, at the time Defendants were hiring Plaintiff to the temporary contract-to-hire role.

18.    Plaintiff was hired around the same time Defendants hired another temporary, presumably contract-to-hire, Senior Python Engineer, named Srikanth Mariganti (Indian).

19.    Within weeks of Plaintiff's hire, Matthew Burton resigned and, as a result, Plaintiff had to assume many of Mr. Burton's former roles and responsibilities including having to become the Technical Team Lead and the Hiring Manager.

20. Defendant Venerable's Sanath Vemuri (Indian) and Prashant Naik (Indian) then became Plaintiff's supervisors.

21. Assuming Matthew Burton's roles added to the roles and responsibilities of a Senior Python Engineer: hiring of individuals, working with persons oversees (i.e. India), working with individuals in West Chester, PA and training employees, including Ruben Palmer (Indian), Manassa Mayakuntla (Indian), and Raghu Tanikella (Indian).

22. At the six-month mark of his contract-to-hire, Plaintiff had good work performance, no discipline, and had successfully assumed his supervisor's roles.

23. Defendants records show that Plaintiff was retained: March 4, 2024 to June 4, 2024; June 5, 2024 to September 4, 2024; and, September 5, 2024 through October 31, 2024. See Exhibit "B".

24. Plaintiff was upset and discouraged about not being hired to a permanent positon at the conclusion of his six-month contract, and Plaintiff spoke with supervisor Sanath Vemuri several times about being hired to a full-time permanent position.

25. Sanath Vemuri mostly avoided these conversations by changing the topic, becoming busy, and one-time Mr. Vemuri asked in a very pointed and rhetorical manner "how much" does Plaintiff expect to be paid, and despite Plaintiff answering, Mr. Vemuri never responded.

26. The communications with Mr. Vemuri were uncomfortable for Plaintiff.

27. Mr. Vemuri made comments and engaged in conduct that had the intent or effect of making Plaintiff feel like an outsider based on race, color, national origin, and religion.

28. Mr. Vemuri made comments about Mr. Potoczeck's marital status, his parental status, his religious activities, and other similar questions usually surrounding and involving

5

cultural comparisons between Mr. Vemuri (an Indian that practices religious practices, travels back to India frequently, and has wife and children) and Plaintiff (none of those things).

29.    For example, and not inclusive of all examples, Mr. Vemuri would often speak with Plaintiff about India, travelling to India, and life in India.  Mr. Vemuri would then ghost Plaintiff when the two had one-on-one meetings with the excuse of being in India, which Plaintiff could never corroborate.

30.    Mr. Vemuri and other employees often spoke in their native (non-English) language in front of Plaintiff, at meetings, and otherwise.

31.    When Plaintiff had questions that Plaintiff believed Mr. Vemuri could answer, Mr. Vemuri would direct Plaintiff to speak with various employees and individuals and all were unable to speak English and/or spoke such broken English that Plaintiff rarely was able to get the answers to the questions he sought.

32.    Mr. Vemuri treated Indian employees preferentially, in contrast to Plaintiff.

33.    For example, Mr. Vemuri is believed to have given benefits to Indian employees that were not offered to Plaintiff, including allowing Srikanth Maringanti extra payroll due to Mr. Maringanti having familial and immigration status issues.

34.    Mr. Vemuri also would discuss with Plaintiff the West Chester office and suggest Plaintiff visit, but Mr. Vemuri never made good on the offer during Plaintiff's employment.

35.    Around October 31, 2024, Sanath Vemuri asked Plaintiff about assuming Srikanth Maringanti's workload and Plaintiff eventually did assume Srikanth Maringanti's workload when Srikanth Maringanti was not extended.

36.    Plaintiff had a tremendous amount of work on top of that for which he was hired.

37. Plaintiff enjoyed the work as Senior Python Engineer but the overhead work he had to assume for Matthew Burton and Srikanth Maringanti was a lot to handle for one person.

38. Plaintiff verbally complained to Defendant Motion on several occasions that: the employees of Defendant Venerable/VIAC do not speak English; that they are/were piling on additional work outside Plaintiff's scope of work; Defendant Venerable/VIAC was/were unnecessarily extending his contract and not discussing his hire; and, that Plaintiff felt uncomfortable with the foregoing interactions wit his supervisor.  Nothing occurred or came from these complaints made to Defendant Motion.

39. There is no record of Plaintiff's work being extended beyond October 31, 2024; however, Plaintiff continued to work for Defendants October 31, 2024 to December 31, 2024.

40. A Temporary Services Task Order was issued for Plaintiff to work January 1, 2025 through March 31, 2025.  See Exhibit "C".

41. Plaintiff earned $140 an hour, $210 an hour of overtime, and in 2024, Plaintiff earned $121,579.10 with benefits, working for Defendants.

42. In 2025, Mr. Vemuri began speaking to Plaintiff about "next steps" as though Plaintiff were nearing hire to permanent employment.

43. Then, on February 26, 2025, Sanath Vemuri informed Plaintiff that he was being released, Plaintiff was not being renewed, and Plaintiff's last day was March 31, 2025.

44. Plaintiff was replaced and/or persons were hired to assume Plaintiff's responsibilities, who/whom/that were outside Plaintiff's protected classes, including: Ruben Palmer (Indian), Raghu Tanikella (Indian), Manassa Mayakuntla (Indian), and an off-site India team.

45.     Plaintiff sent an email on March 28, 2025 to Defendants complaining that he had been harassed and was being discriminated against on the basis of race, nationality, and/or religion.

46.     Plaintiff was the most qualified individual for the full-time employment role.

47.     Defendants discriminatorily denied Plaintiff a continuation of employment and/or a failure to hire, all as the result of race, color, nationality, and/or religious discrimination.

48.     Plaintiff has not worked for Defendants in any capacity since March 31, 2025.

49.     Defendants have not offered Plaintiff work in any capacity since March 31, 2025.

**COUNT ONE**
**Discrimination – Disparate Treatment**
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Defendants**

50.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

51.     Defendants is/are an employer under 42 U.S.C. §2000 *et. seq* as it/they is/are engaged in an industry affecting commerce and has/have 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

52.     Plaintiff is a person and has a protected class race, national origin, and religion.

53.     Plaintiff was employed, jointly employed, and/or co-employed by Defendants.

54.     Under 42 U.S.C. § 2000e-2. *[Section 703]*(a) it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

55.     Defendants discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, by having denied Plaintiff hire, continued to extend

contract-to-hire without hire, increase workload without concomitant increase in pay, and/or otherwise mistreating Plaintiff.

56.   As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

57.   Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

58.   Alternatively, as Defendants considered Plaintiff's race, color, national origin, and/or religion in the foregoing discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Adam Potoczek, hereby demands judgment in his favor and against Defendant, Venerable Investment Advisers, LLC, Defendant, VIAC Services Company, and Defendant, Motion Recruitment Partners, LLC, for any and all damages deemed necessary and just by the Court.

## COUNT TWO
### Retaliation
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
### <u>Plaintiff v. Defendants</u>

59.   Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

60.   Defendants retaliated against Plaintiff for Plaintiff having engaged in protected activity with regard to making a complaint of discrimination.

61. The temporal proximity between Plaintiff's complaint and termination raises an unusually suggestive inference that the termination was retaliation, such that no further evidence of retaliation is necessary.

62. The temporal proximity between Plaintiff's complaint and disparate treatment raises an unusually suggestive inference that the disparate treatment was retaliation, such that no further evidence of retaliation is necessary.

63. Alternatively, Plaintiff has evidence that raises and inference that his disparate treatment and/or termination was/were a retaliation for having made complaints.

64. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

65. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

66. Alternatively, as Defendants considered Plaintiff's protected activity in deciding to disparately treat and/or terminate Plaintiff, Plaintiff is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Adam Potoczek, hereby demands judgment in his favor and against Defendant, Venerable Investment Advisers, LLC, Defendant, VIAC Services Company, and Defendant, Motion Recruitment Partners, LLC, for any and all damages deemed necessary and just by the Court.

**COUNT THREE**
**Discrimination, Disparate Treatment, Hostile Work Environment, Retaliation**
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
**Plaintiff v. Defendants**

67. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

68. Defendants is/are an employer under the Pennsylvania Human Relations Act as it/they employ citizens of the Commonwealth of Pennsylvania, and also because Defendants reside in the Commonwealth.

69. Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of race, color, national origin, and religion.

70. Defendants subjected Plaintiff to a harassing, hostile work environment, disparately treated Plaintiff, retaliated against Plaintiff, and otherwise discriminated against Plaintiff, all on the basis of his race, color, national origin, and religion, as alleged *Supra*.

71. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

72. Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff, Adam Potoczek, hereby demands judgment in his favor and against Defendant, Venerable Investment Advisers, LLC, Defendant, VIAC Services Company, and Defendant, Motion Recruitment Partners, LLC, for any and all damages deemed necessary and just by the Court.

**COUNT FOUR**
**Civil Conspiracy**
*42 U.S.C. § 1985 and Pennsylvania State Law*
**Plaintiff v. Defendants**

73.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

74.     Under 42 U.S.C. §1985, a claim of civil conspiracy requires: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. Rosembert v. Borough of E. Lansdowne, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (*quoting* Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997)).

75.     Under Pennsylvania state law, a claim of civil conspiracy requires that the plaintiff show: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. Proof of malice or an intent to injure is essential to the proof of a conspiracy. Strickland v. Univ. of Scranton, 700 A.2d 979, 987-88 (Pa. Super. 1997); *see also* Skipworth v. Lead Indus. Ass'n, Inc., 547 Pa. 224, 690 A.2d 169, 174 (Pa. 1997)

76.     As alleged *Supra*, Defendants intentionally conspired to deprive Plaintiff of his civil rights, on the basis of his race, color, nationality, and/or religion, as Defendants disparately and discriminatorily treated Plaintiff, failed or refused to investigate Plaintiff's complaints, and wrongly terminated and/or denied his hire despite Plaintiff being the most qualified individual for the position and having worked the position for months.

12

77.     As a direct and proximate result of Defendants conspiracy, Plaintiff has suffered damages including but not limited to loss of wages, loss of earnings, loss of benefits of employment, emotional damages, pain, suffering, humiliation, embarrassment, loss of reputation and other reasonable damages, losses, and harms.

78.     Defendants' actions were done with malice, intent, and/or reckless disregard for Plaintiff's rights and thus with the intent to deprive her of her rights, and therefore require the imposition of punitive damages.

WHEREFORE, Plaintiff, Adam Potoczek, hereby demands judgment in his favor and against Defendant, Venerable Investment Advisers, LLC, Defendant, VIAC Services Company, and Defendant, Motion Recruitment Partners, LLC, for any and all damages deemed necessary and just by the Court.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

*/s/ Christopher J. DelGaizo, Esquire*
CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

Attorney I.D. No. 200594
1628 Pine Street
Philadelphia, PA 19103
T: 215-391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: July 6, 2026

13